IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELINDA BELMODIS, ) | CIVIL NO. 20-00443 JAO-RT |
| ) | |
| Plaintiff, ) | ORDER TO SHOW CAUSE WHY THIS |
| ) | ACTION SHOULD NOT BE |
| vs. ) | DISMISSED WITHOUT PREJUDICE |
| ) | |
| TEVA PHARMACEUTICALS USA, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On October 14, 2020, Plaintiff Melinda Belmodis filed a Complaint, ECF No. 2, asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action. Compl. ¶ 28. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court is presumed to lack subject matter jurisdiction, and the plaintiffs bear the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Complaint asserts the amount in controversy is in excess of $75,000, Compl. ¶ 28; Plaintiff was at all times relevant a citizen and resident of the State of Hawaii, *id.* ¶ 7; Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") is a Delaware corporation with headquarters located in Pennsylvania, *id.* ¶ 9; Teva Women's Health, Inc. (which later "converted" into Defendant Teva Women's Health, LLC) is also a Delaware corporation with headquarters located in Pennsylvania, *id.* ¶ 11; Defendant Teva Women's Health, LLC, which is wholly owned by Teva USA, is a Delaware limited liability company with headquarters located in Pennsylvania, *id.* ¶ 12; and Defendants The Cooper Companies, Inc., and CooperSurgical, Inc. are both Delaware corporations with headquarters located in California and Connecticut, respectively, *id.* ¶¶ 14–15.

Plaintiff's allegations regarding the citizenships of the corporate Defendants are inadequate. It is well settled that a corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). Plaintiff asserts each corporate Defendant's state of incorporation and headquarters location, but without more, this fails to allege where each corporate Defendant's principal place of business is located, as a corporation's "headquarters" is not necessarily the corporation's "principal place of business" or "nerve center." *See Hertz*, 559 U.S. at 92–93 (A corporation's principal place of business "in practice . . . should normally be the place where the corporation maintains its headquarters—*provided that* the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." (emphasis added)); *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 471 (9th Cir. 2018) (quoting *Hertz*, 559 U.S. at 97). Accordingly, Plaintiff has insufficiently pled the citizenships of Defendants Teva USA, Teva Women's Health, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc.

Further, Plaintiff's Complaint fails to identify the citizenship of Defendant Teva Women's Health, LLC. The citizenship of an unincorporated association, such as a limited liability company, "can be determined only by reference to all of

3

the entity's members," and not the laws under which it is organized or where it is registered to do business. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990)). Here, although Plaintiff asserts that Teva Women's Health, LLC is "wholly owned" by Teva USA, as previously noted, Teva USA's citizenship is not adequately alleged.

Absent the foregoing information, the Court is unable to ascertain whether diversity jurisdiction exists. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff must file a response to this Order to Show Cause by **October 30, 2020**, providing complete information concerning the citizenships of the named defendants.[1] Failure to timely respond to this Order to Show Cause will result in a finding that Plaintiff has failed to carry her burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

//

//

//

---

[1] If any of Teva Women's Health, LLC's members are themselves unincorporated associations, such as limited liability companies or limited partnerships, Plaintiff shall additionally identify those entities' members and provide their citizenships.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, October 15, 2020.



Jill A. Otake
United States District Judge

CV 20-00443 JAO-RT; *Belmodis v. Teva Pharmaceuticals USA, Inc., et al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE